UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE MELENDEZ, | Civil Action No. 18-cv-4217 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| KEY FOOD STORES CO-OPERATIVE, INC., BEST FOOD CORP OF NY, YUNES DOLEH and AMY DOLEH, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, by her attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

1.      Plaintiff worked for Defendants as a cashier and deli worker at Defendants' supermarket known as "Key Food", located in the County of Richmond, State of New York, from on or about December 2016 through March 11, 2017.

2.      Plaintiff brings this action against Defendants for Plaintiff being subjected to severe and pervasive sexual harassment and terminated by Defendants' manager for rebuffing his sexual advances, for Defendants' failure to pay Plaintiff overtime wages, spread of hour wages and failure to provide proper statements with each payment of wages, in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), Title VII, New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

3.      "Ill kidnap u and keep u in my closet", "Ill put your panties in your mouth…and talk back to you", "I would like to taste you", "Wish I woke up next to u", "Where's my kiss at", "u look sexy today", "Wanna just hug u right now", "I don't get my hugs or kisses", "U always

1

taking mad long to answer back u punk ??? So how u gonna make it up to me", are just some of the sexually harassing and vulgar statements that Plaintiff was regularly subjected to throughout her employment at Key Foods by her manager, Dios. Despite constantly rebuffing his sexual advances, Dios aggressively pursued Plaintiff incessantly asking her on dates, physically groping and hugging Plaintiff, subjecting her to sexual comments and innuendos in person, by text message and phone.

4.     The sexual harassment Plaintiff endured throughout her employment culminated with Dios' sexual assault of Plaintiff at the end of her employment. Undeterred by Plaintiff's repeated rejections, Dios directed Plaintiff to a back room of Key Foods, stated to her "you show me no love . . . I want more than a hug" and proceeded aggressively grab Plaintiff's breasts and buttocks. As Dios removed his belt to take off his pants, Plaintiff screamed "no" and frantically ran from the room. Enraged by Plaintiff rebuffing his sexual advances, Dios terminated Plaintiff without reason less than one week later in retaliation.

5.     Additionally, for approximately two months of her employment Plaintiff was required to work 8:00 a.m. to 3:00 p.m., and 4:00 p.m. to 8:00 p.m., with a half hour lunch break, six days per week, for an approximate total of sixty-three (63) hours per week. Irrespective of the number of hours she worked per week, Plaintiff was paid her straight hourly rate ranging between $9.00 and $11.00 per hour for each hour worked and was not paid one and one-half times her regular hourly rate for her hours worked in excess of forty (40) hours per week. Furthermore, Plaintiff was not paid spread of hour wages of one additional hour's pay at the minimum wage rate for every day that she worked a spread of hours that exceeded ten (10) hours and was not provided with proper wage payment statements.

## PARTIES

6.     Plaintiff was and still is a resident of the County of Richmond, State of New York.

7.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), New York Labor Law § 160 *et seq.* ("NYLL"), Title VII, 42 U.S.C. § 2000e *et seq.*, New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*

8.     Defendant Key Food Stores Co-Operative, Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York with its principal place of business located at 1200 South Avenue, Staten Island, New York 10314.

9.     Defendant Key Food Stores Co-Operative, Inc. was and still is operating and/or doing business as "Key Food".

10.     Defendant Best Food Corp of NY was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

11.     Defendant Best Food Corp of NY was and still is operating and/or doing business as "Key Food".

12.     Defendant Yunes Doleh, also known as and/or using the alias Joe Doleh, was and still is a resident of the State of New York.

13.     Defendant Yunes Doleh was and still is the chief executive office, president, vice president, principal, officer, director and/or manager of Defendant Best Food Corp of NY.

14.     Defendant Yunes Doleh actively controls and manages Defendant Best Food Corp of NY, regulates the employment of persons employed by the corporate Defendant, acts directly and indirectly in the interest of the corporate Defendant in relation to their employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

15.     Defendant Amy Doleh was and still is a resident of the State of New York.

16.     Defendant Amy Doleh was and still is the chief executive office, president, vice president, principal, officer, director and/or manager of Defendant Best Food Corp of NY.

17.     Defendant Amy Doleh actively controls and manages Defendant Best Food Corp of NY, regulates the employment of persons employed by the corporate Defendant, acts directly and indirectly in the interest of the corporate Defendant in relation to their employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

18.     Defendants are covered employers within the meaning of the Title VII, NYSHRL, NYCHRL, FLSA and NYLL, and at all relevant times employed the Plaintiff.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

20.     This Court has supplemental jurisdiction of the claim arising under the NYLL, NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

21.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct a substantial amount of business within this judicial district.

22.     Plaintiff filed with the EEOC on or around December 20, 2017 for sex discrimination, sexual harassment, retaliation, and wrongful discharge.

23.     Plaintiff received a notice of right to sue on or around May 24, 2018.

24.     All conditions precedent to maintaining this action have been fulfilled.

## FACTS

### Background

25.     Key Food is a cooperative of independent owned supermarkets located in the State of New York.

26.     Defendants were and still are the owners and/or operators of the Key Food supermarket located at 331 Port Richmond Avenue, Staten Island, New York 10302 (hereinafter referred to as "Key Food").

27.     At all relevant times, Defendants employ in excess of fifteen (15) employees at Key Food.

28.     Plaintiff worked as a cashier and deli worker at Key Food from in or around December 2016 through March 11, 2017.

29.     Plaintiff's duties as a cashier and deli worker included, without limitation, processing customer orders, slicing, wrapping, weighing, pricing and merchandising deli products.

30.     During her employment, Plaintiff worked 8:00 a.m. to 3:00 p.m. and 10:00 a.m. to 4:00 p.m. with a half hour lunch break, six days per week, for an approximate total of thirty-five (35) to forty (40) hours per week.

31.     Plaintiff was paid $9.00 per hour in 2016 and $11.00 per hour in 2017.

### Sexual Harassment

32.     At all relevant times, Plaintiff's manager at Key Food was an individual named Dios.

33.     Throughout her employment, Defendants' manager Dios subjected Plaintiff to severe and pervasive sexual harassment. Such harassment included, without limitation,

unwelcome sexual advances, various sexual comments and remarks, inappropriate and harassing text messages and phone calls, and physical groping and touching of intimate body parts.

34.     The harassment occurred on a routine basis and continued unabated throughout Plaintiff's employment despite Plaintiff regularly rebuffing Dios' advances.

35.     Specifically, Dios would regularly approach Plaintiff and hug her despite Plaintiff's severe discomfort with the same. Dios often stated to Plaintiff that she "looked sexy" and requested that she go on dates with him. Dios also made vulgar and reprehensible statements to Plaintiff such as "**I would like to taste you**" and that he wished he was sleeping with her.

36.     Additionally, throughout her employment Plaintiff was subjected to constant unwelcome sexual advances and sexual comments by Dios through text messages and was incessantly asked to meet with him outside of work, to which Plaintiff continuously refused. Such messages included, without limitation, the following:

- "Wish I woke up next to u tho…lol Wishful thinking"
- "**Then I'll kidnap u and keep u in my closet**"
- "Ill put your panties in your mouth…and talk back to you…lmao"
- "Where's my kiss at"
- "Can I get a selfie"
- "Where my good morning pic at"
- "Ure sexy self"
- "Wanna come see me in the office…u look sexy today"
- "U still coming or naw"
- "Ok…bye sexy"

- "Good morning sexy…"

- "U ain't coming to see me…u coming to get your check…??"

- "Are we still meeting up" "Yoooo"

- "U still coming back this way"

- "Its cool…just seeing if u wanted to come chill…"

- "Or if u get bored and wanna see me…just hit up my phone"

- "Ok…am leaving to start moving…amma ganna be blowing it down all night…If u wanna chill with us"

- "Thinking of you…lol"

- "Where my pic at"

- "Hi sexy"

- "Why…whats wrong beautiful"

- "Wassup sexy"

- "I don't get my hugs or kisses"

- "Am no an asshole…I understand…just keep it 100"

- "Good I wanna see u"

- In response to Plaintiff text messaging "You fired me" Dios stated "We drinking tonight"

- "U home" "Bet u all warm and cozy under the blankets"

- "U so sexy…??"

- "Punk ass" "Where u been"

- "Wassup u not ganna give me my hug…"

7

- "I went to the office" "Waiting for u"

- "Wish I could see u…" "Wanna just hug u right now"

- "I'll pick u up…lmao"

- "What u realized u miss me…"

- "Ok…I still miss you…"

- "I went home…I wanted to wait for u…but u said u were busy"

- "I kinda missed u"

- "Its all good I got if u wanna smoke…" "I would love to see u"

- "Ill have everything ready for us tonight… Be here at 10 to pick me up"

- "U always taking mad long to answer back u punk" "???" "So how u gonna make it up to me"

- "Want me to take you…I still wanna at least see you"

- "Gm sexy"

- "Ok am Here come roll this shit…"

- "Wassup sexy"

37.    Undeterred by Plaintiff's repeated rejections, Dios went to further extremes. Specifically, in or around March 2016, Dios took Plaintiff to a back room and stated to Plaintiff "you show me no love". Nervous and uneasy, Plaintiff stated "what do you want a hug". Dios then responded "more than a hug" and proceeded to grab Plaintiff's breasts, buttocks and took off his belt. Terrified, Plaintiff yelled "no" and ran out of the room.

38.    Enraged that Plaintiff rebuffed his advance, Dios terminated her employment on or about March 11, 2016, without reason.

8

39.     Due to the severe and pervasive sexual harassment Plaintiff was subjected to as well as her termination for rejecting Dios' sexual advances, Plaintiff has been caused to suffer extreme emotional distress, embarrassment, humiliation and depression.

40.     At all relevant times, Plaintiff was a protected employee under Title VII, NYSHRL and NYCHRL.

41.     Defendants discriminated against Plaintiff by depriving Plaintiff of her rights under Title VII, NYSHRL and NYCHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or remedy a hostile work environment in which Plaintiff was subjected to severe and pervasive sexual harassment and by terminating Plaintiff's employment in retaliation for Plaintiff rebuffing Defendants' manager's sexual advances.

42.     Due to the hostile work environment and sexual harassment Plaintiff was subjected to, Plaintiff has been caused to suffer extreme emotional distress, depression and humiliation.

43.     Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

44.     The above are just some examples, of some of the discrimination to which Defendants subjected Plaintiff.

45.     Defendants exhibited a pattern and practice of not only discrimination but also retaliation.

### **Wage Violation Claims**

46.     For approximately two months of her employment, Plaintiff worked 8:00 a.m. to 3:00 p.m., and 4:00 p.m. to 8:00 p.m. with a half hour lunch break, six days per week, for an approximate total of sixty-three (63) hours per week.

47.     Irrespective of the number of hours she worked per week, Plaintiff was paid her straight hourly rate for each hour worked and was not paid one and one-half times her regular hourly rate for her hours worked in excess of forty (40) hours per week.

48.     Moreover, during this period Plaintiff regularly worked in excess of ten hours in a work day and was not paid spread of hour wages of one additional hour at the minimum wage rate.

49.     At all relevant times, Defendant Yunes Doleh was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for Defendants' workers and/or Plaintiff at Key Food.

50.     At all relevant times, Defendant Amy Doleh was responsible for hiring and firing, supervising, creating work schedules, determining rates of pay and assigning work tasks for Defendants' workers and/or Plaintiff at Key Food.

51.     At all relevant times, each of the Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

52.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

53.     Plaintiff was entitled to be paid at least one and one-half of her respective regular rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

54.     Throughout her employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

55.    At no time during her employment was Plaintiff paid one and one-half times Plaintiff's regular hourly work rate for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

56.    Plaintiff was entitled to be paid an additional hour's pay at the minimum wage rate for every day that she worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4.

57.    Throughout her employment, Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

58.    During her employment, Plaintiff was not paid an additional hour's pay at the minimum wage rate for every day that she worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours, in violation of the NYLL.

59.    At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

60.    At no time during her employment was Plaintiff provided with proper wage payment statements.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Title VII Gender Discrimination Not Against Any Individual Defendants*)

61.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

62.    Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42. U.S.C. § 2000e(f).

63.     At all relevant times, Defendants employed in excess of fifteen (15) employees and was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

64.     Pursuant to Title VII, 42 U.S.C. § 2000e-2(a) it is unlawful for an employer to discharge an employee because of such employee's "gender".

65.     Plaintiff's rights under Title VII were violated by acts of the Defendants in which Plaintiff was terminated based upon rebuffing the sexual advances of Defendants' manager.

66.     The motivating factor for Plaintiff's termination was Plaintiff's gender/sex.

67.     But for Plaintiff's gender/sex, Plaintiff would not have been terminated.

68.     Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

69.     As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

### AS AND FOR THE SECOND CAUSE OF ACTION
(*Title VII Hostile Work Environment Not Against Any Individual Defendants*)

70.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

71.     Pursuant to Title VII, 42 U.S.C. § 2000e-2(a), it is unlawful for an employer to discriminate against any individual with respect to the "compensation, terms, conditions, or privileges of employment because of such individual's . . . gender."

72.     Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to physical touching and grabbing, unwanted sexual advances, sexual comments and innuendos, derogatory and denigrating

statements, and continued sexual harassment despite Plaintiff rebuffing Defendants' manager's advances.

73.     The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

74.     The motivating factor for the hostile treatment of Plaintiff was Plaintiff's gender/sex.

75.     But for Plaintiff's gender/sex, Plaintiff would not have been subject to a hostile work environment.

76.     Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

77.     By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

78.     As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

### AS AND FOR THE THIRD CAUSE OF ACTION
(*NYSHRL Gender Discrimination*)

79.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

80.     Plaintiff was an employee within the meaning of New York State Human Rights Law, N.Y. Exec. Law § 292(6).

81.     At all relevant times, Defendants employed in excess of four (4) employees and was an employer within the meaning of New York State Human Rights Law, N.Y. Exec. Law § 292(5).

82. Pursuant to New York State Human Rights Law, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's gender to "discharge from employment such individual."

83. Plaintiff's rights under New York State Human Rights Law were violated by acts of the Defendants in which Plaintiff was terminated based upon rebuffing the sexual advances of Defendants' manager.

84. The motivating factor for Plaintiff's termination was Plaintiff's gender/sex.

85. But for Plaintiff's gender/sex, Plaintiff would not have been terminated.

86. Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

87. As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(NYSHRL Hostile Work Environment)*

88. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

89. Pursuant to New York State Human Rights Law, N.Y. Exec. Law § 296, it is unlawful for an employer because of an individual's gender "to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

90. Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to physical touching and grabbing, unwanted sexual advances, sexual comments and innuendos, derogatory and denigrating

statements, and continued sexual harassment despite Plaintiff rebuffing Defendants' manager's advances.

91.     The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

92.     The motivating factor for the hostile treatment of Plaintiff was Plaintiff's gender/sex.

93.     But for Plaintiff's gender/sex, Plaintiff would not have been subject to a hostile work environment.

94.     Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

95.     By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by N.Y. Exec. Law § 296.

96.     As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
(*NYCHRL Gender Discrimination*)

97.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

98.     Pursuant to New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 it is unlawful for an employer based upon the gender of any person to "discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment".

99.     Plaintiff's rights under New York City Human Rights Law were violated by acts of the Defendants in which Plaintiff was terminated based upon rebuffing the sexual advances of Defendants' manager.

100.    The motivating factor for Plaintiff's termination was Plaintiff's gender/sex.

101.    But for Plaintiff's gender/sex, Plaintiff would not have been terminated.

102.    Defendants' unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

103.    As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer damages, in forms including, but not limited to, lost income, lost future earnings and severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### (*NYCHRL Hostile Work Environment*)

104.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

105.    Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting Plaintiff to physical touching and grabbing, unwanted sexual advances, sexual comments and innuendos, derogatory and denigrating statements, and continued sexual harassment despite Plaintiff rebuffing Defendants' advances.

106.    The treatment of Plaintiff was so severe and pervasive as to alter the terms and conditions of Plaintiff's employment.

107.    The motivating factor for the hostile treatment of Plaintiff was Plaintiff's gender/sex.

108. But for Plaintiff's gender/sex, Plaintiff would not have been subject to a hostile work environment.

109. Defendants' severe and pervasive harassment of Plaintiff was intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

110. By engaging in the aforesaid acts, Defendants engaged in an unlawful employment practice as defined by N.Y.C. Admin. Code § 8-107(1).

111. As a result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, pain and suffering.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Overtime under the FLSA)*

112. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

113. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

114. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

115. At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendant to the requirements of the FLSA.

116. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the FLSA.

117. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

17

118.   Pursuant to the FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

119.   Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

120.   At no time has the Defendants paid Plaintiff a rate of one and one half times her hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

121.   Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times her hourly rate of pay for all of the hours she worked in excess of forty (40) hours a week.

122.   As a result of Defendants' violations of the law and failure to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

123.   As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE EIGHTH CAUSE OF ACTION
*(Overtime under the NYLL)*

124.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

125.   At all relevant times, Plaintiff was an employee and Defendants were her employer within the meaning of NYLL §§ 190, 651 and 652.

126.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

127.     Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

128.     Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

129.     At no time has the Defendants paid Plaintiff a rate of one and one-half times her hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

130.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one- half times her hourly rate of pay for all of the hours she worked in excess of forty (40) hours a week.

131.     As a result of Defendants' violations of the law and failure to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

132.     As Defendants did not have a good faith basis to believe that its failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE NINTH CAUSE OF ACTION
*(Spread of Hours Under the NYLL)*

133.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

134.    Pursuant to the NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4, non-exempt employees are entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they work a spread of hours that exceeds ten (10) hours or a shift in excess of ten (10) hours.

135.    Defendants consistently required Plaintiff to work in excess of ten (10) hours per day each workday, and Plaintiff regularly worked in excess of ten hours each workday throughout her employment.

136.    Defendants failed to pay Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours in violation of 12 NYCRR § 142-2.4.

137.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff one extra hour's pay at minimum wage for every day in which the interval between Plaintiff's start and end times exceeded ten hours.

138.    Plaintiff is entitled to recover from Defendants the full amount of her unpaid wages originating from the spread of hours provision, along with all reasonable attorneys' fees, interest, and costs pursuant to NYLL§ 198.

139.     As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE TENTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

140.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

141.    At all relevant times, Defendants failed to provide Plaintiff with the proper statements with every payment of wages, as required by NYLL § 195(1).

142.    As Defendants failed to provide Plaintiff with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff seeks the following relief:

A.  On the First Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.  On the Second Cause of Action on behalf of Plaintiff against Defendants, for all compensatory damages, punitive damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.  On the Third Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Fourth Cause of Action on behalf of Plaintiff against Defendants, for all compensatory damages, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Fifth Cause of Action on behalf of Plaintiff against Defendants, for all back pay wages due, future wages, compensatory damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Sixth Cause of Action on behalf of Plaintiff against Defendants, for all compensatory damages, along with all reasonable attorney fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  On the Seventh Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H.  On the Eighth Cause of Action on behalf of Plaintiff against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

I.  On the Ninth Cause of Action on behalf of Plaintiff against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

J.  On the Tenth Cause of Action on behalf of Plaintiff against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

K.  Interest;

L.  Costs and disbursements; and

M.  Such other and further relief as is just and proper.

Dated: Melville, New York
       July 23, 2018

                                        Respectfully submitted,
                                        SLATER SLATER SCHULMAN LLP

                                        By: /s/
                                        Matthew Madzelan, Esq.
                                        John C. Luke, Jr.
                                        Attorneys for Plaintiff
                                        445 Broad Hollow Road, Suite 334
                                        Melville, New York 11747
                                        (631) 420-9300

23